**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 7 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: CESAR MONTIEL PEREZ,<br><br>           Debtor,<br><br>------------------------------<br><br>MAURICE GRAYTON,<br><br>           Appellant,<br><br>  v.<br><br>TIFFANY L. CARROLL, United States Trustee, San Diego,<br><br>           Appellee. | No. 22-60047<br><br>BAP No. 21-1173<br><br>MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Lafferty III, Brand, and Faris, Bankruptcy Judges, Presiding

Submitted July 18, 2023[**]

Before:     SCHROEDER, RAWLINSON, and BADE, Circuit Judges.

---

       [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

       [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Maurice Grayton appeals pro se from the Bankruptcy Appellate Panel's ("BAP") judgment affirming the bankruptcy court's summary judgment imposing fines and damages under 11 U.S.C. § 110 in an adversary proceeding filed by the United States Trustee against Grayton. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions and apply the same standard of review that the BAP applied to the bankruptcy court's rulings. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We affirm.

The bankruptcy court properly granted summary judgment because Grayton failed to raise a genuine dispute of material fact as to whether he complied with the disclosure requirements and practice prohibitions for bankruptcy petition preparers under 11 U.S.C. § 110. *See Frlekin v. Apple, Inc.*, 979 F.3d 639, 643 (9th Cir. 2020) ("A grant of summary judgment is appropriate when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." (citation omitted)). We reject as unpersuasive Grayton's contention that the bankruptcy court erred in awarding $2,990 in fines and damages. *See* 11 U.S.C. § 110(l)(1) (authorizing a fine of up to $500 for each failure "to comply with any provision of subsection (b), (c), (d), (e), (f), (g), or (h).").

The bankruptcy court properly denied Grayton's demand for a jury trial because there is no right to a jury trial in adversary proceedings brought under 11 U.S.C. § 110. *See Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 53–54 (1989)

("[I]f Congress may assign the adjudication of a statutory cause of action to a non-Article III tribunal, then the Seventh Amendment poses no independent bar to the adjudication of that action by a nonjury factfinder.").

We do not consider arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**